On writs of certiorari (329 U. S. 699) to review a judgment of the Court of Claims holding that in a proceeding for the recovery of excessive duties paid by certain importers of rayon yarn during the years 1925-1929, plaintiffs who are adjudged entitled to recover are also entitled to interest for a stated period.
The judgment of the Court of Claims so far as it allowed payment of interest was reversed by the Supreme Court February 3, 1947; and the writ of certiorari awarded on a cross-petition, urging that interest should have been allowed from an earlier date, was dismissed.
Mr. Justice Murphy delivered the opinion of the Supreme Court, holding:
1. The Court of Claims is precluded by section 177 (a) of the Judicial Code from awarding interest on claims for refunds of customs-duties, even though the claims were based upon preexisting judgments of the Customs Court, and even assuming that the General Accounting Office had unreasonably delayed the determination of ownership of the funds.
2. Apart from constitutional requirements, interest can be recovered against the United States only if express consent to such a recovery has been given by Congress.
3. The consent of Congress to recovery of interest against the United States may be given, as indicated by section 177 (a), only by (1) á specific provision for the payment of interest in a statute, or (2) an express stipulation for the payment of interest in a contract duly entered into by agents of the United States.
*764 4. Since there is no contractual stipulation involved in this case, and since the appropriation statutes which cover the refunds here in issue contain no provision for the recovery of interest, the traditional immunity of the United States, as codified in section 177 (a), applies.
5. That an award of interest on a claim against the United States would be just or equitable does not empower the Court of Claims to make it.
6. Assuming that officials of the General Accounting Office unreasonably delayed determination of the ownership of the funds, this could not operate as a consent on the part of the United States to imposition of interest.
7. The immunity established by section 177 (a) embraces claims arising out of preexisting judgments.
8. The Act of March 8, 1875, as amended by the Act of March 3,1933 (31U. S. C., section 227), relates solely to cases where the Government asserts a set-off against a judgment creditor, and is inapplicable in the circumstances here.
9. Courts lack the power to award interest against the United States on the basis of what they may consider to be sound policy.